**UNITED STATES of America,**
**Appellee,**

v.

**Zaour KAPAEV, also known as Kazim Lnu, also known as Khazim,**
**Defendant–Appellant.**

**Docket No. 99–1048**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 23, 1999

Decided: Dec. 17, 1999

Charles Lavine, Forest Hills, New York, for Defendant–Appellant.

Peter A. Norling, Assistant United States Attorney (Zachary W. Carter, United States Attorney for the Eastern District of New York, David Hennessy, Assistant United States Attorney, of counsel), Brooklyn, New York, for Appellee.

Before: WINTER, Chief Judge, KEARSE, Circuit Judge, and MORDUE,* District Judge.

PER CURIAM.

■ Zaour Kapaev appeals from his sentence following a conviction by a jury before Judge Gershon. Appellant was convicted of conspiring to travel in interstate commerce with intent to commit a murder for hire and of the substantive crime of traveling in interstate commerce with that intent, both in violation of 18 U.S.C. § 1958. Judge Gershon sentenced appellant to consecutive terms for each offense, amounting to 151 months' imprisonment, in accordance with the Sentencing Guidelines, *U.S. Sentencing Guidelines Manual* § 5G1.2(d) [hereinafter "USSG"]. Appellant argues that this imposition of consecutive sentences violates the Guidelines' enabling legislation, 28 U.S.C. § 994(*l*)(2).** We disagree and affirm.

Appellant's Guidelines sentence range was 121 to 151 months. *See* USSG § 2E1.4 (32 base offense level for murder-for-hire); USSG Ch. 5, Pt. A (121 to 151 month sentence prescribed for offense level 32 with criminal history category I). This range exceeds the maximum statuto-

---

* The Honorable Norman A. Mordue, of the United States District Court for the Northern District of New York, sitting by designation.

** Appellant contends that the imposition of consecutive sentences for a conspiracy and the same underlying offense is an unconstitutional delegation of legislative authority that violates the separation of powers. As appellant concedes, however, the Supreme Court has held that Congress's decision to give the Sentencing Commission authority to promulgate the Sentencing Guidelines was not an improper delegation of legislative authority in violation of separation of powers principles. *See Mistretta v. United States*, 488 U.S. 361, 412, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Appellant offers no argument in support of the proposition that Section 5G1.2(d), unlike the Guidelines generally, is somehow the product of an unconstitutional delegation of authority.

ry sentence for a single offense under 18 U.S.C. § 1958(a) (10 years) that did not result in personal injury or death. In accordance with the Guidelines, the district court imposed consecutive rather than concurrent sentences for the murder-for-hire and conspiracy to commit murder-for-hire convictions, solely "to the extent necessary to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d). Kapaev contends that Section 5G1.2(d), thus applied, conflicts with Congress's intent that the Guidelines reflect "the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense . . . and for an offense that was the sole object of the conspiracy," 28 U.S.C. § 994(*l*)(2), and therefore exceeds Congress's grant of authority.

We recently decided, in an appeal of the convictions of two of appellant's codefendants, that 18 U.S.C. § 1958 authorized the imposition of consecutive sentences for conspiring to travel in interstate commerce with intent to commit a murder for hire and for the underlying substantive offense. *See United States v. Bicaksiz*, 194 F.3d 390, 393–94 (2d Cir.1999). We have also held that a sentencing court may—indeed, generally *must*—impose consecutive sentences for an offense and for a conspiracy to commit the same offense if the Guidelines range exceeds the statutory maximum for either offense. *See United States v. Uccio*, 917 F.2d 80, 85 (2d Cir.1990) (holding erroneous district court's failure to impose consecutive sentences under Section 5G1.2 for offense and for conspiracy to commit same offense where entire guideline range exceeded statutory maximum sentence for either offense); *see also United States v. Loeb*, 45 F.3d 719, 723 (2d Cir.1995) (permitting imposition of consecutive sentences for grouped offenses under Section 5G1.2, even where lesser sentence within Guidelines range would have permitted wholly concurrent sentences); *cf. United States v. Hui*, 83 F.3d 592, 593–94 (2d Cir.1996) (per curiam) (affirming decision of district court to impose consecutive sentences for grouped offenses and to depart upwardly from concurrent sentence regime under Section 5G1.2).

■ However, we have not considered a challenge to USSG § 5G1.2 under 28 U.S.C. § 994(*l*)(2). Every circuit that has considered similar challenges has rejected them. *See United States v. Kleinebreil*, 966 F.2d 945, 952 (5th Cir.1992) (rejecting Section 994(*l*)(2) challenge to imposition of consecutive sentences for offense and conspiracy to commit same offense where "necessary to produce a combined sentence equal to the total punishment" under Section 5G1.2); *see also United States v. Saccoccia*, 58 F.3d 754, 786–87 (1st Cir. 1995) (rejecting challenge to imposition of consecutive sentences, partly for offense and conspiracy to commit same offense, and opining that Section 994(*l*)(2) does not outlaw such consecutive sentences); *United States v. Wade*, 788 F.2d 722, 722 (11th Cir.1986) (per curiam) (rejecting challenge to imposition of consecutive terms for offense and conspiracy to commit same offense and opining that Section 994(*l*)(2) "does not prohibit consecutive sentences"). We join those circuits in holding that USSG § 5G1.2(d) is not inconsistent with Section 994(*l*)(2).

The Sentencing Guidelines comport with 28 U.S.C. § 994(*l*)(2) by aggregating as a single offense a charge of conspiracy to commit a crime and a charge for the underlying offense that was the sole object of the conspiracy. *See* USSG § 3D1.2(b) & Application Note 4. The Guidelines then prescribe the sentencing range applicable to the most serious offense. *See* USSG § 3D1.3(a). Thus, "the guidelines for combining multiple counts [generally] operate to accomplish . . . the avoidance of double punishment for . . . a conspiracy offense and a substantive offense that was the sole object of the conspiracy." *United States v. Watford*, 894 F.2d 665, 669 (4th Cir.1990) (discussing 28 U.S.C. § 994(*l*)(2) and USSG §§ 3D1.2 & 5G1.2); *accord Kleinebreil*, 966 F.2d at 952.

However, Section 994(*l*)(2) does not purport to prohibit all consecutive sentences for conspiracy and the substantive crime that was the object of the conspiracy. *See Saccoccia,* 58 F.3d at 787; *Wade,* 788 F.2d at 722. Indeed, Section 3584(a) specifically permits a sentencing court to impose either concurrent or consecutive sentences, except where one offense is an attempt and the other the object of the attempt. *See* 18 U.S.C. § 3584(a). "Section 3584 was enacted as part of the same comprehensive legislation that authorized the Sentencing Commission to promulgate sentencing guidelines...." *United States v. Joetzki,* 952 F.2d 1090, 1098 (9th Cir. 1991). Moreover, the legislative history is clear—or as clear as legislative history ever can be—that Congress specifically rejected a complete bar on consecutive sentences for an offense and for a conspiracy to commit the same offense. *See* S. Rep. No. 98–225, at 126 & n. 311 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3309 & n. 311 (discussing Section 3584, stating that attempt provision is sole exception to general rule that "multiple terms of imprisonment may ... be imposed to be served either concurrently or consecutively," and noting that recommendation in National Commission Final Report to bar "imposition of consecutive sentences for a criminal conspiracy ... and another offense that was the sole objective of the conspiracy" was "replaced by a directive to the Sentencing Commission in proposed 28 U.S.C. 994(*l*) that the guidelines reflect the 'general inappropriateness' of such consecutive sentences"). Moreover, we agree with the First Circuit that the fact that USSG § 5G1.2 "became effective only with the consent of Congress .... [is] powerful evidence that Congress itself saw no inconsistency between the guideline provision and the statutory scheme." *Saccoccia,* 58 F.3d at 787.

We therefore affirm.