UNITED STATES, Appellee,

v.

Antonio ORTIZ–ZAYAS, Defendant–Appellant.

No. 04–09190CR.

United States Court of Appeals, Second Circuit.

Sept. 27, 2004.

Anthony R. Cueto, New York, NY, for Defendant–Appellant.

David N. Kelley, United States Attorney, Southern District of New York, Bret R. Williams, Peter G. Neiman, Assistant United States Attorneys, for Appellee, of counsel.

Present: FEINBERG, MESKILL, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED**.

Defendant Antonio Ortiz–Zayas appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) convicting him, after a jury trial, of one count of conspiracy in violation of 18 U.S.C. § 371 and one count of violating 18 U.S.C. § 922(a)(1)(A), which makes it unlawful to "engage in the business of importing, manufacturing, or dealing in firearms" without the required license. The District Court sentenced him principally to consecutive terms of imprisonment of 60 months on the conspiracy count and 32 months on the substantive count. Familiarity with the relevant facts, procedural history, and the issues on appeal is assumed.

On appeal, Appellant raises two issues. He contends that the District Court erred in its jury charge by failing to instruct the jury that one sale is insufficient proof that he was "engaged in the business" of dealing in firearms within the meaning of 18 U.S.C. § 922(a)(1)(A). He also maintains that the District Court misapplied the Sentencing Guidelines by reading § 5G1.2(d) to require consecutive terms. Because we find that each of these contentions lack merit, we affirm.

■ Turning to the first issue, the District Court charged the jury that "the government does not need to prove that dealing in firearms was the defendant's primary business. Nor is there any magic number that has to be established, number of firearms purchased that must be proven. Nor does a gun sale in the course of a hobby violate the statute." The District Court correctly identified the standard for defining "engaged in the business." The "[N]or is there a 'magic number' of sales that need be specifically proven" language was expressly approved in *United States v. Carter*, 801 F.2d 78, 82 (2d Cir.1986), quoting *United States v. Perkins*, 633 F.2d 856, 860 (8th Cir.1981).

In any event, Appellant did not preserve the issue for appeal. During the charge conference, the parties and the court discussed alternative language. Ultimately, the language quoted above was given to the jury without objection. It is well settled that a request for an instruction before the jury retires does not preserve an objection to the instruction actually given by the court. *Jones v. United States*, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); *United States v. Crowley*, 318 F.3d 401, 412 (2d Cir.2003). Since Appellant did not object after the instructions were given, the issue is now waived. "Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b)." Fed. R.Crim.P. 30(d). When, as here, no objection is made to the relevant charge, we review for plain error. *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000). We find no error, much less plain error.

■ As to the second issue, U.S.S.G § 5G1.2(d) provides: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Here the "total punishment" under the guidelines was 92 to 115 months. Because the statutory maximum sentence allowed on either count is 60 months, § 5G1.2(d) required the imposition of the statutory maximum term of 60 months of imprisonment on one count and at least 32 months of imprisonment on the second count to run consecutively. We have construed this provision consistent with its text to require consecutive terms when, as here, the total punishment ex-

ceeds the statutory minimum sentence on either count. *United States v. McLeod,* 251 F.3d 78, 83 (2d Cir.2001); *United States v. Kapaev,* 199 F.3d 596, 598 (2d Cir.1999) (per curiam).

We have considered Appellant's remaining contentions and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED.**

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*