**UNITED STATES of America,**
Appellee,

v.

**Albert GUGLIELMO, Defendant–**
**Appellant,**

Evergreen International Spot Trading, Inc., First Equity Enterprises, Inc., Forex International Ltd., Andrei Borisovich Koudachev, a.k.a. Andre, a.k.a. Audrey, Gary Faberov, a.k.a. Gary Farber, Sergei Habarov, a.k.a. Diogenes Serge, a.k.a. Mogorichev Sergey, a.k.a. Sergei Chabarov, a.k.a. Sergei Khabarov, Polina Sirotina, Justin Fauci, Mamed Mekhtiev, Peter Papaemmanuel, Philip Levenson, Brian Pasqualini, Defendants.

our decision in *Yuen Jin.*

No. 07–2368–cr.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2009.

Louis R. Aidala, New York, NY, for Defendant–Appellant.

Michael Tremonte, Assistant United States Attorney (Susan Corkery, Cynthia M. Monaco, Assistant United States Attorneys, of counsel, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Guglielmo appeals from the May 31, 2007 judgment of the district court resentencing him, after this Court's remand, principally to an 80–month term of imprisonment for conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and mail fraud, in violation of 18 U.S.C. § 1341. The district court sentenced Guglielmo to 60–month terms on each count of conviction, with 20 months of the sentence imposed on the mail fraud count to run consecutively to the sentence imposed on the conspiracy count. We assume the parties' familiarity with the facts and proceedings in the district court.

We review sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact."

*United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006) (alteration and internal quotation marks omitted).

■ Guglielmo argues that in determining his sentence on remand, the district court did not adequately consider 18 U.S.C. § 3553(a)(6), which directs sentencing courts to take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Guglielmo notes that on remand for resentencing, his co-defendant—who had originally received a sentence 9 months shorter than the one given to Guglielmo—received a sentence that was 30 months less than the sentence imposed on Guglielmo after remand in this case. While we have stated that remand may be appropriate where a "defendant credibly argues that the disparity in sentences [between co-defendants] has no stated or apparent explanation," *United States v. Ebbers,* 458 F.3d 110, 129 (2d Cir.2006), that is not the case here. The district court fully explained the reasons why it imposed the sentence in this case, including that, unlike his co-defendants, Guglielmo had been convicted of another offense after his conviction by the district court. We cannot conclude that the disparity in this case was unwarranted, particularly in light of Guglielmo's prominent role in the fraudulent scheme and his subsequent conviction for another offense.

Guglielmo also argues that the district court erred in deciding that 20 months of the mail fraud sentence would run consecutively to the sentence imposed on the conspiracy count. Guglielmo asserts that, under 28 U.S.C. § 994(*l*)(2) (requiring the U.S. Sentencing Commission to insure that the Sentencing Guidelines "reflect ... the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense ... and for an offense that was the sole object of the conspiracy"), there is a "strong preference for concurrent sentences for the conspiracy and the substantive offense." Appellant's Brief at 19. We note that Guglielmo's argument on this point is foreclosed by this Court's decision in *United States v. Kapaev,* 199 F.3d 596, 599 (2d Cir.1999) (holding that Section 994(*l*)(2) does not bar a district court from imposing consecutive sentences for conspiracy and an offense that was the sole object of the conspiracy). Guglielmo offers no reason—and we find none—to conclude that the holding of *Kapaev* no longer applies now that the Sentencing Guidelines are advisory.

■ Guglielmo argues that the district court abused its discretion when it failed to account for the amount of time that he was confined in local federal detention centers during proceedings in this case. Guglielmo asserts that his lengthy incarceration in the allegedly substandard conditions of these detention facilities constitutes a basis for a downward departure. While some courts have concluded that these circumstances merit a downward departure, *see, e.g., United States v. Francis,* 129 F.Supp.2d 612, 614–20 (S.D.N.Y.2001), nothing in our case law requires a district court to grant such a departure. Thus, we cannot conclude that the district court's decision not to grant the departure requested in this case rendered the sentence unreasonable.

Finally, we do not consider Guglielmo's fleeting Eighth Amendment claim because he fails to support that allegation with reasoning or citations to legal authority. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, we **AFFIRM** the judgment of the district court.