08-2199-cr
USA v. Bloom

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand ten.

Present:
ROBERT D. SACK,
ROBERT A. KATZMANN,
    *Circuit Judges*,
RICHARD J. SULLIVAN,
    *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                  No. 08-2199-cr

IRA I. BLOOM,

    *Defendant-Appellant*.

_____

---

[*] The Honorable Richard J. Sullivan of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                        JAMES M. BRANDEN, New York, N.Y.

For Appellee:                         GEOFFREY M. STONE, Assistant United States Attorney
                                      (William J. Nardini, *of counsel*) *for* Nora R. Dannehy,
                                      United States Attorney for the District of Connecticut,
                                      New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Ira Bloom appeals from a judgment of conviction entered on May 5, 2008 sentencing the defendant primarily to two consecutive terms of 120 months' imprisonment, yielding a total sentence of 240 months. On appeal, Bloom argues, *inter alia*, that: (1) the district court impermissibly admitted "other acts" evidence pursuant to Fed. R. Evid. 404(b); (2) the district court conducted a faulty Guidelines calculation and improperly sentenced the defendant to consecutive terms of imprisonment; and (3) the 240-month sentence was substantively unreasonable. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

I.      **"Other Acts" Evidence Pursuant to Fed. R. Evid. Rule 404(b)**

There are four instances in which the trial court admitted "other acts" evidence to which defendant now objects: (1) evidence regarding the cutting of the power steering hose in Zhanna Portnov's car; (2) evidence that someone had drained brake fluid from Portnov's car; (3) evidence pertaining to an incident at Sammy's soccer game; and (4) evidence about Bloom's attempt to sell Portnov's rug.

This circuit has adopted an "inclusionary" approach to "other-acts" evidence, which can be admitted "for any purpose other than to show criminal propensity," unless the trial judge concludes that its probative value is outweighed by the prejudicial impact. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). If 404(b) evidence is admitted, the court must, if requested, provide a limiting instruction to the jury. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).[1] Moreover, "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) . . . if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *Carboni*, 204 F.3d at 44 (internal quotation marks omitted).

Defendant concedes that no limiting instruction was sought as to the 404(b) evidence and that all of the evidence in question was admitted for the proper purpose of establishing intent; the central inquiry here is, therefore, whether the admitted evidence is relevant under Rule 402. Because the trial court is in the best position to assess the relevancy and probative value of proffered evidence, *see United States v. Quinones*, 511 F.3d 289, 310 (2d Cir. 2007) (adopting a deferential posture in the context of a challenge to a trial court's Rule 403 ruling), we generally review the admission of other-acts evidence only for abuse of discretion, *United States v. Abel*, 469 U.S. 45, 54-55 (1984); *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005). However, where a defendant failed to object to the admission of the evidence, we review for plain error. *United States v. Morris*, 350 F.3d 32, 36 (2d Cir. 2003).[2]

---

[1] Here, no such instructions were provided, but it does not appear that either party requested any.

[2] Pursuant to Fed. R. Crim. P. 52(b), plain error is evident where: (1) there is an error, (2) the error is plain, (3) the error affects substantial rights, and (4) the error seriously affects the

Because defendant did not object to the admission of evidence with respect to the cut steering hose, we review for plain error. Though it was never established at trial that defendant actually cut the power steering hose, circumstantial evidence strongly supports the admission of the evidence as relevant to defendant's murderous intentions towards Zhanna Portnov. Donald Levesque testified that Bloom intended to murder his wife by tampering with the brakes in her car. A car mechanic also testified that, in Portnov's car, the brake lines are located near the power steering hose, such that an attempt to slash one could result in damage to the other. Moreover, no prejudice resulted from the admission of this evidence when assessed against the Government's overwhelming case. Accordingly, we conclude that the district court did not commit plain error in admitting this evidence.

Defendant objected to the admission of evidence of drained brake fluid from Portnov's car and therefore we review for abuse of discretion. As with the evidence of the cut power steering hose, it was never established that the defendant had drained the brake fluid from his ex-wife's car. Nevertheless, in light of Bloom's articulated plans to tamper with the car's brakes, evidence of the drained brake fluid is relevant to Bloom's murderous intentions. The trial court therefore neither acted "arbitrarily and irrationally," *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992), nor was admitting this evidence "manifestly erroneous," *United States v. Yousef*, 327 F.3d 56, 156 (2d Cir. 2003), in admitting this evidence.

Because defendant objected to Portnov's meandering description of Sammy's injuries at a soccer game, we review for abuse of discretion. We conclude, however, that this testimony is not

fairness, integrity, or public reputation of judicial proceedings. *See United States v. Williams*, 399 F.3d 450, 454 (2d Cir. 2005). To affect "substantial rights," the error must be prejudicial and affect the outcome of the proceedings. *United States v. Olano*, 507 U.S. 725, 734 (1993).

4

properly considered 404(b) evidence because Portnov's unfocussed digression does not directly reference any wrongful act by Bloom. No further discussion is required, particularly where the evidence did not substantively affect the proceedings or the outcome of the case. Accordingly, we again find no abuse of discretion in overruling defendant's objections to Portnov's description of the soccer incident.

Finally, as to the attempted sale of Portnov's rug, we find that this evidence, to which defendant failed to object, is – like the soccer incident – not properly considered 404(b) evidence because it was "inextricably intertwined with" and "necessary to complete the story" of the inception of Bloom's murder-for-hire plot. *See Carboni*, 204 F.3d at 44. The probative value of presenting an intact narrative definitively outweighs any prejudice defendant might have suffered. Accordingly, we conclude that the trial court did not commit plain error in admitting this evidence.

## II.    Guidelines Calculations and Sentencing

The district court is obligated to begin a sentencing by accurately calculating the Guidelines sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). The reviewing court must ensure that no procedural error – such as a miscalculation of the Guidelines or a failure to calculate the Guidelines sentence altogether – has occurred. *See United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008) (quoting *Gall*, 552 U.S. at 51).

As part of the Guidelines calculation, defendant here was designated a "career offender,"[1]

---

[1] A defendant is considered a "career offender" if:
(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
(3) the defendant has at least two prior felony convictions of either a crime of

5

a designation which is, in part, predicated on a prior "crime of violence."[2]  We review *de novo* a determination of whether a prior offense was a crime of violence under § 4B1.2.  *See Savage*, 542 F.3d at 964.

First, defendant mistakenly argues that he should not have been designated a career offender because his previous convictions were misdemeanors.  Contrary to his assertion – and as counsel on appeal appeared to concede at argument – defendant's underlying crimes of violence were, in fact, felonies, each punishable by imprisonment for more than a year.  The district court did not, therefore, err in designating the defendant a career offender.

Second, defendant argues that the district court erred by applying both the "grouping" provision under Chapter 3 and the "stacking" provision under Chapter 5 of the Sentencing Guidelines.[3]  This is incorrect.  The two provisions in question are not mutually exclusive.  *See* U.S.S.G. § 1B1.1 (instructing the application of *both* Chapter 3 and Chapter 5).  Indeed, where counts are grouped under §§ 3D1.1 and 3D1.2, the stacking provision requires that "if the total punishment mandated by the guidelines exceeds the statutory maximum of the most serious

---

violence or a controlled substance offense.
U.S.S.G. § 4B1.1(a).

[2] A "crime of violence" is defined as:
any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, or threatened use of physical force against the person of another; or (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(a).

[3] The two counts were grouped together pursuant to U.S.S.G. §§ 3D1.1 and 3D1.2, which yielded an adjusted offense level of 37.  Pursuant to § 5G1.2(d), the district court then applied the "stacking" provision, yielding a cumulative, maximum sentence of 240 months' imprisonment, which the court ultimately adopted as Bloom's sentence.

offense of conviction, the district court *must* impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment." *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (quotation marks omitted). The district court here properly applied these provisions since the Guidelines range of 360 months to life exceeded the statutory maximum of 10 years on each count. Running the two counts consecutively without any overlap yields a maximum of 240 months' imprisonment, which remains below the 360-month Guidelines sentence. *See also United Stated v. Kapaev*, 199 F.3d 596 (2d Cir. 1999) (per curiam) (affirming consecutive sentences for two counts of a murder-for-hire plot for the conspiracy to commit the offense and the substantive offense itself). We discern no error in the district court's application of the Guidelines provisions.

Finally, defendant argues that the district court's sentence is substantively unreasonable in light of the section 3553(a) factors. This Court reviews the district court's sentence "under a deferential abuse-of-discretion standard" and "will not substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Though this circuit has not adopted a presumption that a within-Guidelines sentence is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Defendant argues in part that the consecutive terms are unreasonable because the two counts derive from a single murder-for-hire offense. Counsel on appeal conceded at oral

7

argument that the Government correctly charged two separate counts for defendant's offense.[4]

To the extent that the sentencing court properly proceeded from there to apply the Guidelines calculations and determine a sentence, we can discern no error in its actions, particularly where the final sentence was lower than the applicable Guidelines calculation.

Defendant also argues that his mental impairments should have weighed in favor of a more lenient sentence. In doing so, defendant seeks to have the Court reevaluate the factors under consideration in the district court's § 3553(a) analysis. Consistent with the deferential posture we adopt in reviewing the substantive reasonableness of a sentence, we are disinclined to second-guess the district court where there are no evident missteps in the sentencing itself. Accordingly, we cannot find any abuse of discretion and affirm the sentence as substantively reasonable.

We have considered defendant's remaining arguments and find them to be without merit.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[4] To the extent Bloom adopted a position to the contrary in his *pro se* brief, we decline to consider that position, because it was not reflected in Bloom's counseled brief and it was explicitly disclaimed by Bloom's counsel at oral argument. *See Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977) ("There is certainly a right to appear pro se, as well as a right to appointed counsel. Obviously, however, those rights cannot be both exercised at the same time. . . . [D]ecisions concerning which legal issues will be urged on appeal are uniquely within the lawyer's skill and competence, and their resolution is ultimately left to his judgment." (internal citations and quotation marks omitted)); *see also United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("This Court has held that a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney.").