NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-55944 |
| Plaintiff-Appellee, | D.C. No. 8:15-cr-00060-DOC-2 |
| v. | |
| MUHANAD ELFATIH M.A. BADAWI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted April 8, 2024
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and BOLTON,** District
Judge.

Muhanad Badawi appeals the denial of his motion to vacate, set aside, or

correct his sentence under 18 U.S.C. § 2255. Badawi was convicted of conspiracy

to provide and aiding and abetting an attempt to provide material support—in the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

form of personnel—to a foreign terrorist organization. 18 U.S.C. § 2339B. He was also convicted of financial aid fraud stemming from his use of Pell Grant funds to purchase a plane ticket for his co-defendant to travel internationally. 20 U.S.C. § 1097(a). "We review de novo a district court's decision to grant or to deny a petition for habeas corpus." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996).

1.     Badawi first argues that he is "factually innocent" of "misappl[ying]" financial aid funds under § 1097(a) because his use of Pell Grant funds to purchase a plane ticket for someone else did not involve the "conversion" of funds, which he contends is a required element of the crime. Badawi did not advance this position at trial and did not challenge his financial aid fraud conviction on this ground, or any other, on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in [a § 2255 petition] only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

Construing Badawi's innocence claim as a challenge to the sufficiency of the evidence,[1] a claim cognizable in a § 2255 proceeding, he may proceed only "if the

---

[1] Badawi did not in his briefing rely on *Herrera v. Collins* to assert a "freestanding claim[] of actual innocence," 506 U.S. 390, 401 (1993), nor does he

settled procedural prerequisites for such a claim have otherwise been satisfied." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (concluding that the defendant must demonstrate cause and prejudice to excuse the procedural default of an insufficiency-of-the-evidence claim under § 2255). Ineffective assistance of trial counsel or counsel on direct appeal may constitute cause for procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Ratigan*, 351 F.3d 957, 964–65 (9th Cir. 2003) (applying *Murray* to a sufficiency-of-the-evidence claim raised in a § 2255 petition); *United States v. Withers*, 638 F.3d 1055, 1064–65 (9th Cir. 2011) (recognizing ineffective assistance of appellate counsel as "cause" for procedural default). To establish that counsel was constitutionally ineffective, petitioner must show (1) that counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Badawi contends trial and appellate counsel were ineffective for failing to challenge his conviction under § 1097(a) on the ground that the government failed to prove the element of conversion. Although the statute does not refer to "conversion," the Seventh and Eleventh Circuits have held that a conviction for

---

allege that his innocence should serve as a "gateway" to excuse the default of another constitutional claim under *Schlup v. Delo*, 513 U.S. 298, 316 (1995). He did rely on *Jackson v. Virginia*, 443 U.S. 307, 309 (1979). We therefore construe his argument that he is factually innocent of financial aid fraud as a constitutional sufficiency-of-the-evidence challenge.

3

"misappl[ying]" financial aid funds under 20 U.S.C. § 1097(a) requires proof of conversion, defined as "an act of dominion or control over the property that seriously interferes with the owner's rights." *United States v. Kammer*, 1 F.3d 1161, 1165 (11th Cir. 1993), *disapproved of on other grounds by Bates v. United States*, 522 U.S. 23 (1997) (citation omitted); *see United States v. Bates*, 96 F.3d 964, 968–70 (7th Cir. 1996); *United States v. Weaver*, 275 F.3d 1320, 1328–29 (11th Cir. 2001). The Supreme Court has not decided whether conversion is an element of misapplication under § 1097(a), although it mentioned the Seventh Circuit's definition in *Bates v. United States*. 522 U.S. at 31 n.7.

And, in analyzing a statute prohibiting the conversion of government property, 18 U.S.C. § 641, the Supreme Court noted that "[c]onversion may include misuse or abuse of property" and encompasses "use in an unauthorized manner or to an unauthorized extent of property placed in one's custody for limited use." *Morissette v. United States*, 342 U.S. 246, 272 (1952); *see also United States v. Andreen*, 628 F.2d 1236, 1241 (9th Cir. 1980) (citing *Morissette*'s definition in analyzing conversion of employee welfare assets under 18 U.S.C. § 664); *United States v. Eriksen*, 639 F.3d 1138, 1145, 1150 (9th Cir. 2011), *as amended on denial of reh'g* (May 23, 2011); *United States v. Thordarson*, 646 F.2d 1323, 1335 & n.22 (9th Cir. 1981) (citing *Morissette*'s definition in interpreting conversion of union funds under 29 U.S.C. § 501(c)).

4

Considering that there is no language in the financial aid fraud statute referring to conversion, as well as the absence of binding precedent on whether conversion is a required element of misapplication under § 1097(a) and, if so, what conversion means in this context, Badawi's counsel was not constitutionally deficient for failing to raise a defense on this ground.[2] The "failure to recognize every possible legal argument, including the arguably insufficient proof offered by the government as to one element of the crime, does not . . . constitute cause" to excuse procedural default. *Ratigan*, 351 F.3d at 965.

Further, a defense attorney's strategic choices are given "a heavy measure of deference," *Strickland*, 466 U.S. at 691, and "a reviewing court is not free to engage in after-the-fact second-guessing of strategic decisions made by defense counsel," *United States v. Claiborne*, 870 F.2d 1463, 1468 (9th Cir. 1989). "Once counsel reasonably selects a defense, it is not deficient performance to fail to pursue alternative defenses." *Rios v. Rocha*, 299 F.3d 796, 807 (9th Cir. 2002). Here, Badawi's trial counsel argued that the defendant did not misapply Pell Grant funds because he was reimbursed for the plane ticket in cash, which he permissibly used for living expenses. The district court allowed that defense to go to the jury, although the defense did not prevail. Given counsel's reasonable strategic choice,

---

[2] We make no ruling on the merits of whether conversion is a required element of misapplication of financial aid funds under § 1097(a).

5

her conduct was not "error[] . . . so serious as to deprive [Badawi] of a fair trial," *Strickland*, 466 U.S. at 687, and so does not constitute cause for the procedural default of the conversion interpretation of 20 U.S.C. § 1097(a) at trial and on direct appeal.

In sum, no cause exists to excuse the default of a constitutional sufficiency-of-the-evidence challenge to the financial aid fraud conviction.

2.      Badawi separately contends that trial counsel was ineffective for failing to object to and correct various misstatements of law concerning the financial aid fraud charge, and that appellate counsel was ineffective for failing to raise the same issues. The "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Counsel was not constitutionally ineffective for failing to object to "lay legal opinion" testimony by a Department of Education employee that the recipient of a Pell Grant is not "allowed to use his own . . . funds to provide something to someone else." To establish prejudice under *Strickland v. Washington*, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Here, other evidence was before the jury concerning the purpose of and limits on

6

the use of Pell grants. There is no reasonable probability that absent the contested testimony, the jury would have found that the use of Pell Grant funds to purchase a plane ticket for a friend was consistent with the terms of the grant.

Nor was counsel deficient for failing to object to the prosecution's reliance in closing argument on the testimony of the Department of Education employee to argue that Badawi violated § 1097(a). The Ninth Circuit has "repeatedly held that, 'absent egregious misstatements,' failing to object to error during closing argument falls within the 'wide range' of reasonable assistance." *Demirdjian v. Gipson*, 832 F.3d 1060, 1073 (9th Cir. 2016) (quoting *Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013)). The prosecutor's statements were not so "egregious" or "inflammatory" as to require correction. *Zapata v. Vasquez*, 788 F.3d 1106, 1116 (9th Cir. 2015).

Because counsel's failure to object to the introduction of the testimony or the prosecution's closing argument was not ineffective, counsel similarly was not deficient for failing to request jury instructions correcting the alleged errors, or to move for acquittal or for a new trial based upon the prosecution's argument. Finally, because we have concluded that trial counsel did not fall below "prevailing professional norms" for failing to challenge the sufficiency of the evidence concerning conversion, *Strickland*, 466 U.S. at 690, counsel was similarly not deficient for failing to request an instruction defining "misapplies."

3.     Finally, Badawi contends counsel was ineffective for failing to challenge his consecutive sentences for conspiracy and aiding and abetting an attempt to provide material support to a terrorist organization. Badawi argues that U.S.S.G. § 5G1.2(d), which directs the court to impose consecutive sentences under the circumstances that exist here, conflicts with 28 U.S.C. § 994(l)(2), which directs the Sentencing Commission to "insure that the guidelines . . . reflect . . . the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense . . . and for an offense that was the sole object of the conspiracy."

The language of § 994(l)(2) refers to the "general inappropriateness" of consecutive sentences for conspiracy and its object; it does not prohibit provision for consecutive sentences in all circumstances. So recognizing, Badawi's argument has been rejected by every circuit court directly to consider it. *See United States v. Saccoccia*, 58 F.3d 754, 786–87 (1st Cir. 1995); *United States v. Kapaev*, 199 F.3d 596, 598 (2d Cir. 1999) (per curiam); *United States v. Kleinebreil*, 966 F.2d 945, 952 (5th Cir. 1992); *accord United States v. Wade*, 788 F.2d 722, 722 (11th Cir. 1986) (per curiam). Given that neither the language of the statute nor existing case law supports Badawi's argument, defense counsel's failure to make the argument at sentencing did not "f[a]ll below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

**AFFIRMED.**