*United States v. Davis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                          24-989

DERRILYN NEEDHAM, a.k.a. INGRID, RONALD KNIBBS, a.k.a. BIRDIE, RODERICK GUNN, a.k.a. ZAPPA,

*Defendants,*

ALTON DAVIS,

*Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Alton Davis, *pro se*, Bruceton Mills, WV. |
| **FOR APPELLEE:** | Matthew J. King, Michael D. Maimin, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 11, 2024 judgment of the district court is **AFFIRMED**.

Alton Davis appeals from a judgment of conviction following his 2024 resentencing after a 2010 jury trial at which he was found guilty of one count of conspiracy to commit Hobbs Act robbery, two counts of attempted Hobbs Act

robbery, two counts of using a firearm in furtherance of a crime of violence, two counts of using a firearm during a crime of violence that resulted in the death of another person, and one count of conspiracy to distribute marijuana. Although the district court originally sentenced Davis to an aggregate sentence of life imprisonment, it later vacated the four firearms counts in light of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). The district court then resentenced Davis on the remaining counts to 60 years' imprisonment (20 years for each Hobbs Act count to be served consecutively, and 5 years for the marijuana conspiracy to be served concurrently) and a life term of supervised release. On appeal, Davis – now proceeding *pro se* – argues that the district court erred when it (1) declined to reduce his offense level under U.S.S.G. § 2X1.1(b); (2) imposed consecutive sentences for the Hobbs Act counts; (3) treated U.S.S.G. § 5G1.2(d) as mandatory; (4) failed to consider the 18 U.S.C. § 3553(a) factors when imposing Davis's sentence; and (5) failed to explain its imposition of a life term of supervised release. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

We review a district court's sentence under "a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). Under that standard, "[a] sentence is procedurally unreasonable if the district court improperly calculates the Sentencing Guidelines range or selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Hunt*, 82 F.4th 129, 142 (2d Cir. 2023) (alterations adopted, internal quotation marks and citation omitted). "[We] review[] a district court's application of the Guidelines *de novo,* while factual determinations underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015). "When a party properly objects to a sentencing error in the district court, we review for harmless error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). "By contrast, issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *Id.*

4

**I.** *Guidelines Calculation Under U.S.S.G. § 2X1.1(b)*

Davis first argues that the district court misapplied the Sentencing Guidelines when it failed to reduce the total offense level for his Hobbs Act robbery convictions by three levels under U.S.S.G. § 2X1.1(b)(1) and (2). Because Davis did not make this argument before the district court, we review it for plain error.

Section § 2X1.1(b)(1) provides for a three-level reduction to the total offense level for attempts "*unless* the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense *or* the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." U.S.S.G. § 2X1.1(b)(1) (emphasis added); *see also id.* § 2X1.1(b)(2) (applying the same reduction to conspiracies unless the defendant or a co-conspirator completed or was about to complete the predicate acts). We have observed that this "section determines punishment based on the *conduct* of the defendant, not on the probability that a conspiracy would have achieved success," and that "[m]any pre-existing circumstances may doom a

5

conspiracy, without rendering the conspirators any less culpable for their acts."

*United States v. Medina*, 74 F.3d 413, 418 (2d Cir. 1996) (emphasis in original).

The evidence developed at trial and in the Probation Office's presentence investigation report ("PSR") established that Davis was a member of a conspiracy that planned and committed robberies of multiple drug dealers. In one of the attempted robberies, Davis forced his way into the home of a marijuana dealer to rob him of drugs or drug proceeds, only to find neither, and in the process shot the drug dealer's girlfriend in the head and chest, killing her. In the other attempted robbery, Davis entered the residence of a different drug dealer, tied up another occupant of the house when he discovered that the drug dealer was not at home, questioned that person about the location of money inside the residence, and searched the house for valuables. When the drug dealer finally arrived at the house, Davis ultimately shot and killed him after a struggle. There too, the only reason Davis walked away without property in hand was because he found none to take – not for want of trying.

Based on the evidence in the record, which clearly showed that Davis performed all the acts necessary to complete the robberies, the district court did

6

not err – much less plainly err – in declining to reduce Davis's offense level under § 2X1.1(b). *See Medina*, 74 F.3d at 418 ("[W]hat matters under the Guidelines is that [the defendant] and his co-conspirators were 'about to complete' the crime, not that they were 'about to succeed.'").

II.    *Imposition of Consecutive Sentences for the Hobbs Act Counts*

Davis next argues that the district court erred by imposing consecutive sentences for the Hobbs Act conspiracy and attempted robbery counts. In particular, he contends that the court failed to consider 18 U.S.C. § 3584(a) when imposing consecutive terms of imprisonment. Davis did not raise this argument before the district court, so again we review for plain error.

Section 3584(a) provides that, "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt." But our caselaw clarifies that section 3584(a) "prohibits consecutive sentences for attempt and . . . a completed crime that was the 'sole object' of the attempt." *United States v. Rahman*, 189 F.3d 88, 158 n.36 (2d Cir. 1999). We have never interpreted

7

that provision to bar stacking terms of imprisonment for attempt and conspiracy – even where they share the same goal. *See id.* ("Congress has not prohibited consecutive sentences for attempts and conspiracies that have the same object."); *see also United States v. Kapaev*, 199 F.3d 596, 599 (2d Cir. 1999) ("[T]he legislative history is clear – or as clear as legislative history ever can be – that Congress specifically rejected a complete bar on consecutive sentences for an offense and for a conspiracy to commit the same offense."). Although conspiracies may ripen into attempts, the crime of conspiracy addresses a fundamentally different kind of "socially reprehensible conduct: collective criminal agreement." *Callanan v. United States*, 364 U.S. 587, 593 (1961). For this reason, courts generally hold that "the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643 (1946); *see also United States v. Gunn*, No. 24-2430, __ F.4th __, __ (2d Cir. 2025) (holding that a defendant's "engagement in a conspiracy to violate the Hobbs Act and . . . [his] attempt to violate the Hobbs Act are two separate criminal violations of the Hobbs Act, for which consecutive sentences are appropriate"). Accordingly, Davis's consecutive terms of imprisonment for the

8

robbery conspiracy and attempted robberies do not violate section 3584(a). *See, e.g., United States v. Collymore*, No. 23-7333, 2024 WL 4707184, at *1 (2d Cir. Nov. 7, 2024) (affirming consecutive sentences for conspiracy and attempted robbery under the Hobbs Act).

**III.  *Consideration of U.S.S.G. § 5G1.2(d)***

Davis also asserts that his consecutive sentences on the Hobbs Act counts were procedurally unreasonable because the district court mistakenly believed that U.S.S.G. § 5G1.2(d) – which instructs courts on how to impose sentences on defendants facing multiple counts of conviction – was mandatory rather than advisory. Again, Davis did not raise this objection below, so we review for plain error.

Davis's contention that the district court misapprehended the advisory nature of the Guidelines is belied by the record. Indeed, given that the district court imposed a concurrent sentence with respect to the marijuana conspiracy, there can be no question that the district court understood that section 5G1.2(d) is advisory and not mandatory.

9

**IV.** *Consideration of 18 U.S.C. § 3553(a) Factors*

Davis next argues that the district court failed to consider all the 18 U.S.C. § 3553(a) factors, including section 3553(a)(6), which requires courts to consider the sentences of similarly situated defendants. But we "presume[] that the sentencing judge has considered all relevant [section] 3553(a) factors and arguments unless the record suggests otherwise," *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020), and "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each [section] 3553(a) factor individually," *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008).

Here, the district court expressly considered several of the section 3553(a) factors, including promoting respect for the law, deterrence, and the seriousness of the offense conduct. Although the district court did not explicitly mention section 3553(a)(6), nothing in the record suggests that it failed to consider this factor (or any other factor). To the extent that Davis argues that greater weight should have been given to section 3553(a)(6), "[t]he weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is

10

reasonable." *United States v. Bleau*, 930 F.3d 35, 42 (2d Cir. 2019) (internal quotation marks and citation omitted). We therefore will not disturb the district court's sentence on these grounds.

**V.    *Lifetime Term of Supervised Release***

Finally, Davis asserts, for the first time on appeal, that the district court procedurally erred when it imposed a lifetime term of supervised release because it did not explain why a life term was necessary. We therefore review the district court's ruling for plain error.

"[T]he district court must satisfy us that it has considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *Cavera*, 550 F.3d at 193 (alterations adopted, internal quotation marks and citation omitted). Here, the district court thoroughly discussed its consideration of the section 3553(a) factors as they related to Davis's sentence. And while the court did not independently analyze those factors with respect to Davis's term of supervised release, it was not required to do so. *See United States v. Thompson*, 143 F.4th 169, 178 (2d Cir. 2025) (noting that a "district court typically need not separately articulate its reasons

11

for imposing a term of supervised release when it has already generally stated its reasons for imposing a term of imprisonment"). In any event, the record clearly establishes that a lifetime term of supervised release was appropriate given that Davis had killed two individuals in separate attempted robberies. *See United States v. Zhong*, 26 F.4th 536, 564 (2d Cir. 2022) ("We presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors, and we do not require robotic incantations that the district court has considered each of the [section] 3553(a) factors." (alterations adopted, internal quotation marks and citation omitted)); *see also United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (noting that "we may uphold the condition imposed" even "[i]n the absence of . . . an explanation" "if the district court's reasoning is self-evident in the record" (internal quotation marks and citation omitted)). Because each of the section 3553(a) factors discussed by the district court in connection with the term of imprisonment was equally relevant to the imposition of a term of supervised release, we cannot say that the district court plainly erred in imposing a lifetime term of supervised release given the unique circumstances of this case.

12

\* \* \*

We have considered Davis's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13