UNITED STATES of America,
Plaintiff,

v.

Joseph SCOTT, Defendant.

No. CRIM.A.99–33–JJF.
No. CIV.A.02–353–JJF.

United States District Court,
D. Delaware.

Jan. 15, 2003.

---

Colm F. Connolly, Esquire, United States Attorney, Richard G. Andrews, Esquire, First Assistant United States Attorney of the United States Department of Justice, Wilmington, DE, for Plaintiff.

Joseph Scott, Pro Se Defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (D.I.192) filed by Defendant, Joseph Scott. By his Motion, Plaintiff raises five claims of ineffective assistance of counsel. For the reasons set forth below, Defendant's Motion will be denied with respect to four of his ineffective assistance of counsel claims. An evidentiary hearing will be scheduled on Plaintiff's claim that counsel was ineffective for failing to file a petition for a writ of certiorari.

## BACKGROUND

On May 11, 1999, Defendant and four others were charged in a multiple count indictment. In Count One of the Indictment, Defendant and his co-defendants were charged with conspiracy to distribute cocaine and crack cocaine from mid-November 1998 to May 11, 1999. In Count Four of the Indictment, Defendant was charged by himself with distribution of crack cocaine on April 21, 1999. Two of the defendants entered guilty pleas and testified at trial as government witnesses. The remaining defendants were tried before the Court in September and October 1999. Defendant was convicted of the charges set forth in Count One and Count Four of the Indictment. The remaining co-defendants were also convicted of at lease one count each.

On January 31, 2000, the Court sentenced Defendant to 360 months imprisonment. Defendant appealed to the Court of Appeals for the Third Circuit. During the pendency of his appeal, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Defendant raised *Apprendi* issues in his appeal, and the Third Circuit rejected the majority of the issues he raised. The Third Circuit remanded the case only for resentencing on the length of supervised release.

By his Motion, Defendant raises five ineffective assistance of counsel claims, four of which are premised upon alleged ramifications of *Apprendi*. Defendant's Petition is timely, and therefore, the Court will proceed to the merits of the claims raised by Defendant.

## DISCUSSION

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). The first prong of the *Strickland* test requires a defendant to show that his or her counsel's errors were so egregious as to fall below an "objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. In determining whether counsel's representation was objectively reasonable, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. In turn, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

Under the second prong of *Strickland*, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors, meaning that there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 692–94, 104 S.Ct. 2052; *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir.1992), *cert. denied*, 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Thus, a purely outcome determinative perspective is inappropriate. *Id.; Flamer v. State*, 68 F.3d 710, 729 (3d Cir.1995), *cert. denied*, 516 U.S. 1088, 116 S.Ct. 807, 133 L.Ed.2d 754 (1996). With these legal principles in mind, the Court will turn to the merits of Defendant's ineffective assistance of counsel claims.

## I. Whether Counsel Was Ineffective In Failing To File A Petition For Rehearing And/Or A Petition For A Writ Of Certiorari

██ By his Motion, Defendant first contends that his counsel was ineffective for failing to file a Petition for rehearing with the suggestion for a rehearing en banc, and/or a petition for writ of certiorari. Defendant bases his claim on counsel's statement that the Third Circuit's decision "essentially exhausts all remedies available to us." (D.I.192, Exh. A). In addition, Defendant relies on what he represents to be a rule of the Third Circuit enacted pursuant to 18 U.S.C. § 3006A requiring counsel to advise the petitioner in writing of his right to seek certiorari review following an unsuccessful appeal.

The Court has thoroughly researched the rule cited by Plaintiff as "Third Circuit

App. II(V)(2)." It appears to the Court, however, that the rule to which Plaintiff refers is not a rule of the Third Circuit, but a rule of the Fourth Circuit. In this Circuit, the Judicial Council has enacted "A Plan for the United States Court of Appeals for the Third Judicial Circuit Pursuant To The Criminal Justice Act of 1964, as amended by The Act of October 14, 1970 (the "Plan")." With regard to petitions for certiorari, this Plan provides:

If, after an adverse decision by the Court of Appeals, a review by the Supreme Court of the United States is to be sought, the appointed attorney shall if requested to do so after communication with the person for whom the attorney is appointed, prepare a petition for certiorari and other necessary and appropriate documents in connection therewith.

U.S.C.A., Third Circuit App. II(III)(6).

■ Defendant is correct that in the Fourth Circuit, counsel's failure to advise a defendant in writing of his right to file a petition for certiorari amounts to ineffective assistance of counsel. The remedy for such a violation is for the defendant to move the appellate court to vacate and reenter its past judgement, recall and reissue its mandate, and appoint counsel if defendant wishes to seek certiorari review in the Supreme Court. *United States v. King,* 11 Fed.Appx. 219, 2001 WL 568022 (4th Cir.2001).

The Third Circuit has not adopted the Fourth Circuit's rule verbatim. However, the Third Circuit does provide for specific procedures for counsel to follow if he or she wishes to withdraw from his or her representation of a client in a criminal case. Specifically, Local Appellate Rule 109.2 provides:

In all other cases in which counsel appointed under the Criminal Justice Act is of the opinion, in his or her professional judgment, that no issues are present which warrant the filing of a petition for writ of certiorari in the Supreme Court, counsel shall promptly file with the court of appeals a motion stating that opinion with particularity and requesting leave to withdraw.

On direct appeal in this case, the Third Circuit affirmed the Defendant's conviction, but vacated the term of his supervised release. Defendant was subsequently resentenced by the district court. The only record concerning counsel's representation of Defendant is his May 21, 2001 letter to Defendant informing him that the Third Circuit denied his appeal, thereby "exhaust[ing] all remedies available to us." Thus, it is unclear to the Court whether counsel ever followed the procedures required by the Third Circuit for withdrawal. It is further unclear to the Court whether this letter is counsel's only advice regarding the appellate procedure or whether counsel advised Defendant in writing or orally on previous or subsequent occasions about his right to file for certiorari review.[1] These are factual questions which the Court cannot resolve on the record

---

1. Although the Third Circuit does not specifically require counsel to advise a defendant of his right to seek certiorari review, the Court is persuaded that the failure of counsel to correctly advise a defendant of his rights to pursue further review may amount to ineffective assistance of counsel where counsel does not follow the proper procedures for withdrawal. If counsel was of the view that no issues existed for certiorari review, then presumably, he should have filed the appropriate withdrawal motions or so advised his client, so that the defendant could pursue the additional review on his own. Accordingly, the Court will conduct an evidentiary hearing on this claim to determine if counsel's conduct fell below objective standards of reasonableness and was prejudicial to Defendant as required by *Strickland.*

before it. Accordingly, the Court will hold an evidentiary hearing on these issues to determine whether counsel was ineffective for failing to advise Defendant of his right to seek certiorari review.

## II. Whether Counsel Was Ineffective In Advising Defendant Of the Maximum Penalties For The Charges He Was Facing

Defendant next contends that counsel was ineffective because he misinformed Defendant about the maximum penalties for the charges he was facing. Specifically, Defendant contends that he was told that the charges he faced carried a maximum penalty of ten years to life, when in fact the penalties were actually zero to twenty years. Defendant contends that had he known he was facing a lesser sentence, he might have plea bargained.

■ Reviewing this claim in light of the *Strickland* standard, the Court cannot conclude that counsel's conduct fell below objective standards of reasonableness or that Defendant was prejudiced by any alleged failure on counsel's part. At the time of Defendant's conviction and sentence, the weight and identity of the drugs was not an essential element of the offense. *United States v. Lewis*, 113 F.3d 487, 493 (3d Cir.1997). The Supreme Court's decision in *Apprendi* changed the state of the law on this issue. Indeed, as the Government represents, it also believed that the penalties were ten years to life. Given the state of the law, the Court cannot conclude that counsel's advice regarding the maximum penalties he faced was deficient.

■ Moreover, the Government has represented that even if defense counsel had the foresight to predict *Apprendi*, the Government would not have offered a different plea bargain, because it would not have known of a different penalty range. Further, if Defendant had been advised that he was facing a lesser sentence, his incentive to accept a plea offer would have likely been reduced, not increased. Accordingly, the Court concludes that Defendant cannot establish prejudice within the meaning of *Strickland*.

## III. Whether Counsel Was Ineffective In Failing To Object Or Raise On Appeal That The Jury Instructions Constituted A Constructive Amendment Of The Charges

Defendant next contends that his counsel was ineffective for failing to object or raise on appeal the issue that the jury instructions constituted a constructive amendment of the charges. Specifically, Defendant contends that "[b]y failing to instruct the jury that it must find beyond a reasonable doubt that 50 grams or more of crack cocaine and/or 5 kilograms of powder cocaine was involved in the offense, the Court therefore instructed the jury on an offense under 841(b)(1)(B) or (C), instead of 841(b)(1)(A)." (D.I. 192 at 16).

■■ A constructive amendment to an indictment occurs when a case is submitted to a jury on a theory that is not contained in the indictment. *See e.g. United States v. Syme*, 276 F.3d 131, 148 (3d Cir.2002), *pet. for cert. denied*, 123 S.Ct. 619, 154 L.Ed.2d 525 (2002). The indictment may also be amended when a case is submitted to the jury on a theory that is something less than the entirety of what is alleged in the indictment. This second type of amendment is not a "constructive amendment," and it does not compromise any rights of the defendant, because it charges the defendant with something less than what the grand jury alleged in the indictment. *See United States v. Miller*, 471 U.S. 130, 140–144, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985).

■ In this case, the Indictment charged Defendant with the essential elements of an offense under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In addition, the Indictment charged Defendant with the essential elements of an offense under 21 U.S.C. § 846. The jury was instructed on the elements of these offenses, and the Court sentenced Defendant based on his convictions for those offenses. The Court does not find that the Indictment was constructively amended or that counsel was ineffective for failing to object to, or raise on appeal, the issue of the jury instructions.[2] Further, to the extent that Defendant's claim is based on *Apprendi*, the Court likewise rejects Defendant's claim. Given the state of the law at the time of Defendant's case, the Court cannot conclude that counsel's performance was objectively unreasonable. Accordingly, the Court concludes that Defendant cannot establish that counsel was ineffective for failing to object or raise on appeal that the jury instructions were a constructive amendment of the charges.

## IV. Whether Counsel Was Ineffective For Failing To Argue That He Could Not Be Sentenced To Thirty Years Imprisonment When He Was Convicted Of Two Violations Of 21 U.S.C. 841(a)(1) & (2) and 21 U.S.C. 846 Exposing Him To A Maximum Of Forty Years Imprisonment

Defendant next contends that his counsel was ineffective in failing to argue that he could not be sentenced to thirty years imprisonment. Defendant also contends that counsel was ineffective for failing to argue that he was subject to a maximum of twenty years imprisonment per count and

that the sole basis of the conspiracy conviction was the distribution conviction. Based on these arguments, Defendant also contends that counsel should have argued that he could not be sentenced to consecutive terms of imprisonment.

■ In this case, the Court of Appeals for the Third Circuit stated:

When no drug quantity is pled and found by a jury beyond a reasonable doubt, a cocaine offense under section 841 has a maximum of twenty years imprisonment. See 21 U.S.C. § 841(b)(1)(C). In the instant case, Scott ... [was] charged with and found guilty of two violations of 21 U.S.C. § 841(a)(1) & (2) and 21 U.S.C. § 846 ... This means that Scott ... [was] exposed to a maximum of forty years imprisonment.

*United States v. Scott,* 259 F.3d 717, 2001 WL 669319, at *9–10 (3d Cir.2001) (table) (2001). Because a thirty year sentence could be legally imposed against Defendant based on his convictions, the Court concludes that counsel was not ineffective for failing to argue that a thirty year sentence could not be imposed. Further, the Court concludes that counsel was not ineffective for failing to argue against the imposition of a consecutive sentence under 28 U.S.C. § 994(a)(1) & (2), because that statute does not prohibit the imposition of consecutive terms of imprisonment for convictions for conspiracy and an offense that was the sole object of the conspiracy. *See e.g. United States v. Kapaev,* 199 F.3d 596, 598 (2d Cir.1999), *cert. denied,* 529 U.S. 1081, 120 S.Ct. 1705, 146 L.Ed.2d 508

---

**2.** The Government concedes that the Indictment referenced the wrong penalty sections for the offenses. However, Defendant has not alleged any prejudice resulting from this mistake, and the Court finds no prejudice to

Defendant as a result of this error. Accordingly, the Court declines to grant Defendant relief on this basis. *See United States v. Hall,* 979 F.2d 320, 323 (3d Cir.1992); Fed. R.Crim.P. 7(c)(3).

(2000).[3]

Moreover, in this case, Defendant's conspiracy conviction was based on more than the conduct comprising the single distribution charge of one ounce of cocaine on April 21, 1999. Rather, Defendant's conspiracy conviction was for activity that lasted approximately six months and included the transportation of cocaine from New York to Delaware, the cooking of powder cocaine into crack cocaine and the subsequent redistribution of the crack cocaine by numerous individuals. Because the distribution count on which Defendant was convicted was not the sole basis for his conspiracy conviction, the Court cannot conclude that consecutive sentences were prohibited. Because consecutive sentences could be legally imposed against Defendant, the Court concludes that counsel was not ineffective for failing to object to consecutive sentences.

## V. Whether Counsel Was Ineffective For Failing To Argue That Section 841(b)(1)(C) Is Not A Lesser Included Offense Of Sections 841(b)(1)(A) and (B)

Defendant next contends that counsel was ineffective for failing to argue during sentencing, direct appeal and resentencing that Section 841(b)(1)(C) is not a lesser included offense of Section 841(b)(1)(A) and (B). Stated another way, Defendant contends that "sections 841(b)(1)(A) and (B) require an element not required by section 841(b)(1)(C) [a threshold drug quantity], the later provision therefore cannot be a lesser included offense of the former provisions." (D.I. 192 at 30).

 "A lesser included offense is one that does not require proof of any additional element *beyond those required by the greater offense.*" *Government of Virgin Islands v. Bedford,* 671 F.2d 758, 765 (3d Cir.1982) (emphasis added). In this case, the elements of a Section 841(b)(1)(C) offense are the same as the elements of section 841(b)(1)(A) and (B) offenses, except that the Section 841(b)(1)(A) and (B) offenses require proof of a certain weight of drugs. Section 841(b)(1)(C) does not require any element beyond those required by Sections 841(b)(1)(A) & (B). Section 841(b)(1)(C) has been considered by some courts to be a lesser included offense of Section 841(b)(1)(A). *See e.g. United States v. Scott,* 116 F.Supp.2d 987, 991 (C.D.Ill. 2000). Accordingly, the Court cannot conclude that counsel's performance was objectively unreasonable for failing to argue that Section 841(b)(1)(C) was not a lesser included offense.

Further, even if Section 841(b)(1)(C) is not deemed to be a lesser included offense of Sections 841(b)(1)(A) and (B), but a separate offense, the Court would conclude that counsel was not ineffective. Defendant has not established that the outcome of the proceeding would have been different had counsel made this argument, and therefore, Defendant cannot establish ineffective assistance of counsel under *Strickland.*

**3.** The Court recognizes that the Third Circuit has, in dicta, expressed some doubt about the holding of Kapaev. *United States v. Velasquez,* 304 F.3d 237, 243 (3d Cir.2002) However, the Third Circuit has not expressly addressed this issue. Further, this case is distinguishable such that *Kapaev* is not directly implicated, because in this case, the conspiracy was broader than the distribution activity charged which dealt with distribution of one ounce of cocaine on April 21, 1999 as charged in the indictment. Thus, even if the Third Circuit disagrees with the holding in Kapaev, the Court concludes that Defendant in this case could be legally exposed to consecutive sentences.

## VI. Whether A Certificate of Appealability Should Issue

The Court may issue a certificate of appealability only if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, the Court has concluded that Defendant is not entitled to relief on four of his five ineffective assistance of counsel claims, and the Court is not convinced that reasonable jurists would debate otherwise. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability for Defendant's claims that counsel was ineffective for (1) failing to advise Defendant of the maximum penalties for the charge he was facing; (2) failing to object or raise on appeal that the jury instructions constituted a constructive amendment of the charges; (3) failing to argue that Defendant could not be sentenced to thirty years imprisonment; and (4) failing to argue that Section 841(b)(1)(C) is not a lesser included offense of Section 841(b)(1)(A) and (B).

### CONCLUSION

For the reasons discussed, the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody filed by Defendant, Joseph Scott, will be denied in part. Plaintiff's claims that counsel was ineffective for (1) failing to advise Defendant of the maximum penalties for the charge he was facing; (2) failing to object or raise on appeal that the jury instructions constituted a constructive amendment of the charges; (3) failing to argue that Defendant could not be sentenced to thirty years imprisonment; and (4) failing to argue that Section 841(b)(1)(C) is not a lesser included offense of Section 841(b)(1)(A) and (B) will be denied. An evidentiary hearing will be scheduled on Plaintiff's remaining claim that counsel was ineffective for failing to file a petition for a writ of certiorari.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 15th day of January 2003, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (D.I.192) is DENIED IN PART.

2. Plaintiff's claims that counsel was ineffective for (1) failing to advise Defendant of the maximum penalties for the charge he was facing; (2) failing to object or raise on appeal that the jury instructions constituted a constructive amendment of the charges; (3) failing to argue that Defendant could not be sentenced to thirty years imprisonment; and (4) failing to argue that Section 841(b)(1)(C) is not a lesser included offense of Section 841(b)(1)(A) and (B) are DENIED.

3. Because the Court finds that Defendant has failed to make "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2) with respect to the four claims referred to in Paragraph 2, a certificate of appealability with respect to those claims is DENIED.

4. An evidentiary hearing on Plaintiff's remaining claim that counsel was ineffective for failing to file a petition for a writ of certiorari will be held on **Wednesday, February 19, 2003, at 8:30 a.m.,** in Courtroom No. 4B on the 4th Floor, Boggs Federal Building, Wilmington.