NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-2974

JOSEPH SCOTT,
Appellant

v.

WARDEN J. T. SHARTLE

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 1-11-cv-04298)
District Judge: Hon. Jerome B. Simandle

Argued: May 20, 2014

Before: McKEE, *Chief Judge*, CHAGARES and
NYGAARD, *Circuit Judges*

(Opinion filed: July 17, 2014)

JOHN C. O'QUINN, ESQ.
MICHAEL A. GLICK, ESQ.  (Argued)
DAVID C. HOLMAN, ESQ.
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C.  20005

*Attorneys for Appellant*[1]

---

[1] The attorneys for the appellant are appearing *pro bono* following a prior order granting appellant's motion to proceed *in forma pauperis*.  The judges of this court express our gratitude to those attorneys for accepting this matter *pro bono* and for the quality of their representation of their client.  We also thank Kirkland & Ellis, LLP for permitting them to offer their service.  Lawyers who act *pro bono* fulfill the highest service that members of the bar can offer to needy parties and to the legal profession.

MYTHILI RAMAN, ESQ.
Acting Assistant Attorney General
DENIS J. McINERNEY, ESQ.
Deputy Assistant Attorney General
MICHAEL A. ROTKER, ESQ. (Argued)
Attorney, Appellate Section
United States Department of Justice
Criminal Division
950 Pennsylvania Avenue, N.W.
Suite 1264
Washington, D.C. 20530

ELIZABETH A. PASCALL, ESQ.
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101

MICHELLE PIONKOWSKI, ESQ.
Office of United States Attorney
1007 North Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

*Attorneys for Appellee*

OPINION

McKEE, *Circuit Judge*.

Joseph Scott, a federal prisoner, appeals from the district court's order dismissing the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the district court's order.

## I. FACTS AND PROCEDURAL HISTORY

Because we write for the parties only, we will recite only as much of the facts and procedural history of this case as assist our discussion of this appeal.

In 1999, a federal grand jury in the District of Delaware charged Scott with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 4). A jury convicted Scott on both Counts.

Based on the quantity of drugs involved, Scott faced statutory sentencing ranges of 10 years to life imprisonment on Count I, *see* 21 U.S.C. § 841(b)(1)(A), and 5 to 40 years imprisonment on Count 4, *see* 21 U.S.C. § 841(b)(1)(B).

The Probation Office recommended that the district court sentence Scott as a Career Offender under U.S.S.G. § 4B1.1, because his criminal history included two qualifying predicate Delaware state court convictions: a 1996 drug conviction (a "controlled substance offense") and a 1997 second-degree assault conviction (a "crime of violence"). Those two predicate offenses resulted in a Guidelines sentencing range of 360 months to life. Scott objected to the consideration of his drug conviction on the ground that he was only 17 years old at the time. The district court overruled his objection, and sentenced Scott as a career offender under the then-mandatory Sentencing Guidelines to 360 months imprisonment, to be followed by five years, supervised release.[2]

On appeal, we affirmed Scott's conviction in an unpublished opinion, but vacated his supervised release term in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[2] Scott was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005).

*United States v. Scott*, 259 F.3d 717 (3d Cir. 2001) (table). On remand, the district court resentenced Scott to 360 months imprisonment, to be followed by three years' supervised release.

In 2002, Scott filed a motion to vacate his sentence under 28 U.S.C. § 2255, raising five claims of ineffective assistance of counsel. The district court denied four of his claims, and ruled that it would hold an evidentiary hearing on his claim that counsel was ineffective for failing to file a petition for a writ of certiorari. *United States v. Scott*, 243 F. Supp.2d 97 (D. Del. 2003). The district court granted Scott's motion and issued a stipulated order allowing Scott to file a petition for certiorari. In 2004, the Supreme Court denied certiorari. 541 U.S. 1035 (2004).

In 2005, Scott filed another § 2255 motion, again alleging ineffective assistance of counsel. *Scott v. United States*, No. 05-267 (D. Del.). The district court denied this motion as an unauthorized "second or successive" motion. *Id.*

On March 3, 2011, Scott filed a motion under Fed.R.Civ.P. 60 to reduce his sentence based on *Begay v. United States*, 553 U.S. 137 (2008). There, the Supreme Court addressed the definition of "violent felony" for purposes of the Armed Career Criminal Act ("ACCA").[3] The Court held that a violent felony must be "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, or crimes involving the use of explosives. 553 U.S. at 142-43. The Court noted that these crimes

---

[3] Authority addressing the definition of "violent felony" under the ACCA, which imposes a mandatory prison term upon felons with three prior violent felonies, generally applies to the definition of a "crime of violence" under the Sentencing Guidelines. *United States v. Johnson*, 587 F.3d 203, 208 n.5 (3d Cir. 2009).

all usually involve "purposeful, violent, and aggressive conduct."*Id*. at 144-45 (citation and internal quotation marks omitted).  Reckless conduct does not qualify as a crime of violence after *Begay*.  *United States v. Lee*, 612 F.3d 170, 196 (3d Cir. 2010).  In his Rule 60 motion, Scott argued, for the first time, that his 1997 second degree assault conviction was not a "crime of violence," in view of *Begay*'s narrowing construction of the term "violent felony" in the ACCA, and that he was "innocent" of his career-offender sentence.

On May 5, 2011, during the pendency of the Rule 60 motion, Scott filed an application with us for leave to file a successive § 2255 motion to raise his *Begay* claim. We denied his application, holding that Scott's claims did not satisfy the requirements of 28 U.S.C. § 2255(h).[4]  *In re Scott*, No. 11-2147 (3d Cir. June 2, 2011) (Order).  We wrote:

> [Scott's] application pursuant to 28 U.S.C. § 2244(b) to file a
> second or successive motion to vacate sentence pursuant to 28
> U.S.C. § 2255 is denied.  [Scott] seeks to present claims that
> he is not a career offender under *Begay v. United States*, 533
> U.S. 137 (2008), and that he received ineffective assistance of
> counsel. Such claims, however, do not satisfy the
> requirements of 28 U.S.C. § 2255(h) because they do not rely
> on a new rule of constitutional law, made retroactive to cases
> on collateral review by the Supreme Court, that was

---

[4] A district court lacks jurisdiction to consider a successive § 2255 motion unless it is certified by a panel of this court to contain a claim of : "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1)-(2).  Section 2255(h) is known as the "gate-keeping" provision.

previously unavailable, or newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Appellant guilty of the offense. *See* 28 U.S.C. § 2255(h).

Following our denial of Scott's application, the district court dismissed Scott's Rule 60 motion, concluding that it was a disguised successive § 2255 motion.

On July 27, 2011, Scott filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, the district of his confinement, pursuant to the "safety valve" or "savings clause" provision of 28 U.S.C. § 2255(e), renewing his *Begay*-based sentencing challenge.[5] On June 11, 2012, the district court dismissed the § 2241 petition for lack of jurisdiction, holding that Scott was barred from seeking relief under the safety valve provision because he had not shown that § 2255 was "inadequate or ineffective to test the legality of his sentence." *Scott v. Warden J.T. Shartle*, Civ. No. 11-4298 (D.N.J. June 11, 2012).

Scott then filed a timely appeal from the district court's dismissal of his § 2241 petition.[6]

---

[5] Section 2255(e) provides: "An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained it if appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

[6] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Our review of a district court's denial of habeas corpus relief is *de novo*. *Vego v. United States*, 493 F.3d 310, 314 (3d Cir. 2007). We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *Id*. We review

6

Upon review, we conclude that the district court properly dismissed Scott's § 2241 petition for lack of jurisdiction. Typically, a federal prisoner raises a collateral attack to a sentence through 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). However, a federal prisoner can proceed under § 2241 instead if a § 2255 motion is "inadequate or ineffective." 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). In *Dorsainvil*, we explained that this "safety valve" applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. *Id*. at 251 (explaining that a federal prisoner can use § 2241 where he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.").

As noted at the outset, in his § 2241 petition, Scott argued that he was wrongly sentenced under the career offender guideline because one of his predicate convictions, viz.., his 1997 second-degree assault conviction, was improperly designated a "crime of violence," in light of the Court's decision in *Begay v. United States*, *supra*. Scott was therefore challenging his career offender designation. He was not claiming that because of an intervening change in the substantive law, he is now innocent of the predicate offense he was convicted of.

In his appeal, Scott repeats the arguments he made in the district court. However, because he is challenging his career offender designation and is not claiming that he is

---

dismissals for lack of subject matter jurisdiction under a *de novo* standard. *PennMont Secs. v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009).

now innocent of the predicate offense, he does not fall within the "safety valve" exception created in *In re Dorsainvil* and cannot proceed under § 2241. *See Okereke*, 307 F.3d at 120-21 (holding that *Dorsainvil* did not permit petitioner to challenge his sentence via § 2241 because his argument was based on intervening change in sentencing law and did not render the crime he was convicted of not criminal).

## II.

For the above reasons, we will affirm the district court's order of dismissal.