**ALD-098**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2015
_____

UNITED STATES OF AMERICA

v.

JOSEPH SCOTT,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-99-cr-00033-001)
District Judge:  Honorable Maryellen Noreika

_____

Submitted on Appellee's Motion for Summary Action
and Dismissal of Appellant's Appeal
January 23, 2020

Before:  MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: April 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Scott, a federal prisoner proceeding pro se, appeals from the District Court's order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. The Government has filed a motion for summary affirmance and dismissal of the appeal. For the reasons discussed below, we will grant the motion to the extent that it seeks summary affirmance, deny the motion to the extent that it seeks dismissal of the appeal, and summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In 1999, following a jury trial in the District Court, Scott was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced Scott to 360 months' imprisonment, which represented the bottom of the Sentencing Guidelines range. That range was determined based on his offense level under U.S.S.G. § 2D1.1 ("the Drug Guidelines"), which included a determination of the type and quantity of the trafficked drugs. Scott was also designated a career offender, see U.S.S.G. § 4B1.1 ("the Career Offender Guidelines"), but his higher offense level under the Drug Guidelines applied at sentencing. See U.S.S.G. § 4B1.1(b) (explaining that the offense level for a career offender applies if it is "greater than the offense level otherwise applicable").

In 2001, we affirmed the sentence, with the exception of the length of the term of supervised release, which was reduced from five to three years. See United States v.

2

Scott, No. 00-5180, 259 F.3d 717 (3d Cir. May 7, 2001) (table). Scott has since filed multiple unsuccessful collateral attacks on his criminal judgment. See generally Scott v. Shartle, 574 F. App'x 152, 153 (3d Cir. 2014).[1]

In 2016, Scott filed in the District Court a motion under § 3582(c)(2), seeking to reduce his sentence based on various amendments to the Guidelines, including Amendment 782, which "retroactively reduced by two levels the base offense levels assigned to many drug quantities in the Drug Guidelines." United States v. Thompson, 825 F.3d 198, 202 (3d Cir. 2016). The motion, which was docketed at ECF No. 404, also challenged the type and quantity of the drugs attributed to Scott at sentencing.

In April 2017, the District Court denied the motion. Scott appealed and filed an uncontested motion to summarily vacate and remand the proceedings. We granted the motion. See United States v. Scott, C.A. No. 17-2071 (order entered Aug. 15, 2018). During the pendency of that appeal, Scott filed a motion in the District Court, pursuant to Federal Rule of Criminal Procedure 36, to correct a "clerical error" in the type and quantity of the drugs attributed to him at sentencing. After we remanded the matter, Scott filed a "brief" which was docketed at ECF No. 460 and construed as another motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). That filing reiterated the arguments that Scott had made in his original 2016 motion to reduce sentence (at ECF No. 404) and reargued the claims in his Rule 36 motion. Scott further argued that he was

---

[1] In 2017, we granted Scott permission to file a second or successive 28 U.S.C. § 2255 motion in order to raise a claim based on Johnson v. United States, 135 S. Ct. 2551 (2015). See In re Scott, C.A. No. 16-1947 (order entered Oct. 11, 2017).

3

entitled to an evidentiary hearing to resolve his challenges to the drug type and quantity attributed to him at sentencing. He also filed a separate § 3582(c)(2) motion, docketed at ECF No. 461, which raised, for the first time, a claim under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

On March 29, 2019, the District Court entered a signed order reducing Scott's sentence to 324 months' imprisonment pursuant to § 3582(c)(2) and Amendment 782. The District Court's order did not address the other amendments that Scott cited in his original § 3582(c)(2) motion (at ECF No. 404) and his subsequent filing in support of the motion (at ECF No. 460). Nor did the order address Scott's request for an evidentiary hearing, nor his motion based on the First Step Act (at ECF No. 461), nor his other pending motions. The District Court's order was accompanied by an electronic docket entry which indicated that the motions at ECF Nos. 404, 460, and 461 were granted. On April 2, 2019, Scott filed this appeal from the March 29, 2019 order.[2]

## II.

We have jurisdiction to review the District Court's March 29, 2019 order pursuant to 28 U.S.C. § 1291. See Thompson, 825 F.3d at 203.[3] "Our review over a district court's decision to grant or deny a motion for sentence reduction is typically for abuse of

---

[2] Scott subsequently filed an application for a certificate of appealability, but he does not need a certificate of appealability to appeal. See United States v. Rodriguez, 855 F.3d 526, 529 (3d Cir. 2017).

[3] The District Court's March 29, 2019 order did not rule on Scott's Rule 36 motion or his authorized § 2255 motion, see supra n.1. The parties continued litigating those issues in the District Court after Scott filed his April 2, 2019 notice of appeal, and they will not be addressed in this appeal.

4

discretion," but we exercise plenary review over "legal questions concerning the proper interpretation of the Sentencing Guidelines." Id. (quotation marks and citation omitted). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

### III.

The District Court properly limited the reduction of Scott's term of imprisonment to 324 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.[4]  Generally, a district court cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c).  Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission;" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

Here, the parties agreed that Scott was sentenced based on his offense level under the Drug Guidelines and that his sentencing range was lowered by Amendment 782.  See Thompson, 825 F.3d at 204.  Scott did not dispute that, based on the type and quantity of

---

[4]  The District Court declined to grant relief based on the other amendments that Scott cited in his § 3582(c)(2) motion (at ECF No. 404) and his filing in support of the motion (at ECF 460).  Scott has waived any claim based on those other amendments. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

the trafficked drugs attributed to him at sentencing, Amendment 782 resulted in a lower offense level under the Drug Guidelines and an amended sentencing range of 324 to 405 months.  On appeal, Scott primarily argues that the District Court should have permitted him to challenge the type and quantity of drugs attributed to him at sentencing (and granted a hearing on those issues).  Scott claims that the District Court improperly weighed the evidence and relied on false evidence and assumptions at sentencing.  The District Court properly declined to address those challenges in the context of the § 3582(c)(2) proceedings here.  See Dillon v. United States, 560 U.S. 817, 831 (2010) (holding that the district court properly declined to address a defendant's challenges to aspects of his original sentence which were not affected by the amendment at issue in § 3582(c)(2) proceedings).  Those challenges were outside the scope of the District Court's § 3582(c)(2) proceedings.  See id.; United States v. Ortiz-Vega, 744 F.3d 869, 873 (3d Cir. 2014) (explaining that "prior sentencing errors cannot be modified in a § 3582(c)(2) proceeding").

Scott also argues that, after calculating his amended sentencing range based on Amendment 782 and the applicable Drug Guidelines, the District Court should have sentenced him based on his lower sentencing range under the Career Offender Guidelines.  Scott's argument fails to provide a basis for a sentence reduction under § 3582(c)(2), as his sentence was not "based on" the Career Offender Guidelines, see Thompson, 825 F.3d at 203, and Amendment 782 alters the offense levels under the Drug Guidelines but does not affect the offense levels for career offenders, see U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A).  Thus, the District Court properly reduced Scott's

sentence to 324 months' imprisonment, which is at the bottom of his amended guideline range based on Amendment 782 and the applicable Drug Guidelines.  See U.S.S.G. § 1B1.10(b)(2)(A) (explaining that a district court generally may not reduce the term of imprisonment to a term that is less than the minimum of the amended guideline range).

In his amended brief, Scott argues that the District Court should have granted him a further reduction in sentence based on his claim under the First Step Act.  We note that Scott has filed three motions in the District Court (at ECF Nos. 461, 483, and 484) raising his First Step Act claim.  Two of those motions, at ECF Nos. 483 and 484, were filed after the District Court entered its March 29 order.  And, while the electronic text entry on the docket, accompanying the signed March 29 order, indicated that the District Court had ruled on the motion at ECF No. 461, that docket entry stated that the motion had been granted — which is inconsistent with the relief that the District Court's signed order actually granted, as that relief was limited reducing Scott's sentence based on Amendment 782.  Under the circumstances, we conclude that the District Court's docket entry purporting to rule on ECF No. 461 is not a final or otherwise appealable order on that motion, which remains pending.  See generally Weber v. McGrogan, 939 F.3d 232, 237 (3d Cir. 2019) (explaining circumstances when docket entries "cannot serve as a foundation for an appeal") (quoting Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 189 (3d Cir. 2015)).  Thus, we decline to reach Scott's First Step Act claim here, as we conclude that the claim was not raised in the motions which the District Court actually

ruled on in its March 29 order, and the District Court has not yet ruled on any of Scott's motions which raised a First Step Act claim.[5]

For the foregoing reasons, the Government's motion for summary affirmance is granted. The motion is denied to the extent that it seeks dismissal of the appeal.[6] Accordingly, we will affirm the District Court's judgment.[7]

---

[5] Although we express no opinion the matter, we note that Scott will be free to appeal from any final order that the District Court enters on his pending First Step Act claim.

[6] While district courts lack jurisdiction to rule on the merits of an unauthorized second or successive § 2255 motion, see 28 U.S.C. § 2255(h); Burton v. Stewart, 549 U.S. 147, 149 (2007), this Court has jurisdiction to review requests for authorization of such a motion, despite Appellee's suggestion to the contrary in requesting dismissal of the appeal, see generally In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). In any event, we do not construe any of Scott's filings in this appeal as seeking such authorization. We note, again, that the District Court's March 29 order did not rule on Scott's then-pending requests for relief under 28 U.S.C. § 2255. See supra, n.2.

[7] Scott's application for a certificate of appealability is denied as unnecessary.